No. 90-529

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE FIRST FIDELITY BANK,
a Montana Banking Corporation,

     Plaintiff and Respondent,

  -vs-

JAMES D. SLACK, JR., SX RANCHES, INC.,
a Corporation; JIM SLACK & ASSOCIATES,
INC., a Corporation; SUNDANCE LAND
AND CATTLE COMPANY, a Partnership,

     Defendants and Appellants.

FILED

JAN 15 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable B. W. Thomas, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

     Mark D. Parker; Parker Law Firm, Billings, Montana

     For Respondent:

     R.W. Heineman, P.C., Wibaux, Montana

Submitted on Briefs:  December 6, 1990

Decided:

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

The defendants, James D. Slack, Jr., SX Ranches, Inc., and Jim Slack & Associates, Inc., appeal from a final partial summary judgment entered by the District Court of the Seventh Judicial District, Dawson County.

On January 24, 1983, defendant Jim Slack & Associates executed a promissory note to plaintiff, The First Fidelity Bank in the amount of $240,000 due May 1, 1983 guaranteed by defendant James Slack, Jr., and SX Ranches and secured by a Security Agreement. On January 24, 1983, defendant SX Ranches also executed a promissory note for $200,000 to plaintiff Bank guaranteed by defendant James Slack and secured by Security Agreements. This note was due January 1, 1984.

In February of 1984, after both notes were in default, the plaintiff Bank and defendants entered into a extension agreement providing plaintiff Bank with additional collateral and a new due date for pay-off of November 1, 1984. One of the items of collateral provided was a junior real estate lien to a first mortgage filed by Norwest Bank of Billings. Mortgages were executed by defendant James Slack to plaintiff Bank covering real estate in Richland County subject to mortgages of the Federal Land Bank and Norwest Bank, and also real estate in Carbon County subject to prior mortgages of Norwest Bank and others.

After payments by the defendants were never made and proceeds

2

from the disposition of collateral were insufficient, plaintiff Bank filed the instant lawsuit.

Meanwhile, Norwest Bank pursued foreclosure on the first mortgage in Carbon County and obtained a Judgment of Foreclosure on April 27, 1988 in the amount of $2,922,768.29 plus interest, attorney's fees and costs. Prior to that judgment, on October 30, 1987, a Stipulation between Norwest and Slack was furnished to plaintiff Bank showing Slack's indebtedness was greater than the value of the property and no proceeds would be available to plaintiff Bank from the foreclosure. The plaintiff Bank signed an agreement and mortgage release to Norwest Bank to allow Norwest to complete its foreclosure in exchange for $13,000 which was applied to the note.

The sole issue in this appeal is whether the "one action rule" set forth in § 71-1-222, MCA which states "There is but one action for the recovery of debt or the enforcement of any right secured by mortgage upon real estate . . . . " precludes the Bank from obtaining a deficiency judgment. Defendants contend that the Bank was required to foreclose their real estate mortgage first. The District Court found that to apply the "one action rule" under the circumstances of this case would be unreasonable. The District Court found that the defendants had a burden to show that had plaintiff Bank foreclosed there would be some value realized from the security to apply to the debt and the $13,000 which the plaintiff Bank received from Norwest could only be obtained from

refraining from foreclosure. In other words the $13,000 was the price Norwest was willing to pay to facilitate its own foreclosure. We agree. There is uncontroverted evidence that the security held by plaintiff Bank as a second mortgage was worthless.

In Bailey v. Hansen (1937), 105 Mont. 552, 74 P.2d 438, the plaintiff brought an action for collection of a note without foreclosing on the mortgage. It was claimed that the mortgage had no value. The Court stated the "one action statute" was to compel the one who has taken security for his debt to exhaust his security before resorting to the general assets of the debtor. The Court further held that the one action rule does not prohibit a personal action when the mortgage security has become valueless. Bailey, at 555, 74 P.2d at 440. We hold that there is no violation of the "one action rule" in this case.

Affirmed. Let remittitur issue forthwith.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We concur:

_____

4

_____

William E. Hunt, Sr.

John C. Sheehy
_____
                Justices


5